```
 1
 2
 3
 4
 5
 6
 7
 8                   IN THE UNITED STATES DISTRICT COURT
 9                 FOR THE EASTERN DISTRICT OF CALIFORNIA
10   TONY HARRIS AND BRENDA PICKERN,
11                  Plaintiffs,
12        v.                              CIV. NO. S-05-1252 LKK/GGH
13   PETCO ANIMAL SUPPLIES, et al.,
14                  Defendants.
                                      /
15
     TONY HARRIS,
16
                    Plaintiff,
17
          v.                              CIV. NO. S-05-1459 FCD/CMK
18
     BED, BATH & BEYOND,
19
                    Defendant.
20                                    /
     TONY HARRIS,
21
                    Plaintiff,
22
          v.                              CIV. NO. S-05-1419 MCE/DAD
23
     CIRCUIT CITY STORES WEST COAST,
24
                    Defendant.
25                                    /
26
```

1

```
1  TONY HARRIS,
2                       Plaintiff,
3       v.                                CIV. NO. S-05-1472 GEB/CMK
4  HOMETOWN BUFFET, INC.,                 RELATED CASE ORDER
5                       Defendant.
6  _____/
```

Pending before the court is a Notice of Related Cases and defendant Pan Pacific Retail Properties' motion to consolidate the above-captioned cases, which is currently scheduled to be heard on the court's Law and Motion Calendar for October 24, 2005.  In these cases, plaintiffs have alleged violations of the American with Disabilities Act and other state law claims against several businesses in the "Chico Crossroads" shopping center.  Although there is some commonality and overlap between these lawsuits because they all allege violations of the ADA with respect to common areas and because these cases involve the same shopping center which is owned by Pan Pacific, plaintiffs have also alleged violations with respect to each of the various facilities involved.

The district court has broad discretion under Fed. R. Civ. P. 42 to consolidate cases pending in the same district.  <u>Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California</u>, 877 F.2d 777, 777 (9th Cir. 1989).  To determine whether to consolidate, the court "weighs the interest of judicial convenience against the potential for delay, confusion and prejudice."  <u>Southwest Marine, Inc. v. Triple A Machine Shop, Inc.</u>, 720 F. Supp. 805, 807 (N.D. Cal. 1989).  Having reviewed the parties' papers and

1  the pleadings filed herein, it is apparent that plaintiffs' request
2  for injunctive relief and damages against each business is
3  different and unrelated.  Thus, consolidation of these matters
4  would potentially lead to further delay, confusion, and prejudice,
5  and, accordingly, the motion to consolidate is DENIED.
6      However, examination of the above-entitled actions reveals
7  that the above-captioned actions are related within the meaning of
8  Local Rule 83-123(a) (E.D. Cal. 1997).  The actions are based on
9  the same or similar claims, the same property, and similar
10 questions of fact and the same question of law.  Accordingly, the
11 assignment of the matters to the same judge and magistrate judge
12 is likely to effect a substantial savings of judicial effort and
13 is also likely to be convenient for the parties.
14     Under the regular practice of this court, related cases are
15 generally assigned to the judge and magistrate judge to whom the
16 first filed action was assigned.  IT IS THEREFORE ORDERED that the
17 actions denominated CIV. NO. S-05-1459 FCD/CMK, CIV. NO. S-05-1419
18 MCE/DAD and CIV. NO. S-05-1472 GEB/CMK be, and the same hereby are,
19 reassigned to Judge Lawrence K. Karlton and Magistrate Judge
20 Gregory G. Hollows for all further proceedings, and any dates
21 currently set in this reassigned case only are hereby VACATED.  The
22 parties are referred to the attached Order Setting Status (Pretrial
23 Scheduling) Conference.  Henceforth, the caption on documents filed
24 in the reassigned cases shall be shown as CIV. NO. S-05-1459
25 LKK/GGH, CIV. NO. S-05-1419 LKK/GGH and CIV. NO. S-05-1472 LKK/GGH,
26 respectively.

1    IT IS ORDERED that the law and motion hearing scheduled for
2 October 24, 2005 in case number CIV. S-05-01252 LKK/GGH is VACATED.
3    IT IS FURTHER ORDERED that the Clerk of the Court make
4 appropriate adjustment in the assignment of civil cases to
5 compensate for this reassignment.
6    DATED: October 17, 2005.

                                /s/Lawrence K. Karlton
                                LAWRENCE K. KARLTON
                                SENIOR JUDGE
                                UNITED STATES DISTRICT COURT

```
 1  STATSET.LKK (rev. 12/00)
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                   EASTERN DISTRICT OF CALIFORNIA
10
11  _____,
                                        NO. CIV. S-_____ LKK
12         Plaintiff(s),
13      v.                              ORDER SETTING STATUS
                                        (PRETRIAL SCHEDULING)
14                                           CONFERENCE
    _____,
15
           Defendant(s).
16  _____/
17     This action has been assigned to the Honorable LAWRENCE K.
18  KARLTON.  Pursuant to the provisions of Federal Rule of Civil
19  Procedure 16, as amended December 1, 1993, IT IS HEREBY ORDERED
20  that:
21     1.   A Status (Pretrial Scheduling) Conference in the three
22  above-captioned related case is SET for December 19, 2005 at 11:00
23  a.m., before Judge Karlton in Courtroom No. 4.  All counsel shall
24  appear in person.
25  ////
26  ////
```

1    2.   In order to enable the court to comply with the 120-day
2 time limit specified in Fed. R. Civ. P. 16(b), plaintiff SHALL
3 COMPLETE SERVICE OF PROCESS ON ALL PARTIES WITHIN FORTY-FIVE (45)
4 DAYS OF THE DATE OF FILING THE COMPLAINT HEREIN.
5    3.   Concurrently with the service of process, or as soon
6 thereafter as possible, **plaintiff shall serve upon each of the**
7 **parties named in the complaint, and upon all parties subsequently**
8 **joined, <u>a copy of this order</u>**, and shall file with the clerk a
9 certificate reflecting such service.  Any party who impleads a
10 third-party defendant shall serve upon that party a copy of this
11 order, and shall file with the clerk a certificate reflecting such
12 service.
13   4.   In the event that this action was reassigned to Judge
14 Karlton from another judge, **plaintiff shall serve upon all parties**
15 **to this action <u>a copy of this order</u>**, and shall file with the clerk
16 a certificate reflecting such service.
17   5.  Any non-governmental corporate party to an action in this
18 court shall file a statement identifying all its parent
19 corporations and listing any publicly held company that owns 10%
20 or more of the party's stock.  Defendant shall file the statement
21 with its initial pleading filed in the court and plaintiff shall
22 file the statement not later than ten (10) days after filing the
23 complaint.  The parties shall supplement the statement within a
24 reasonable time of any change in the information.
25   6.   In the event this action was originally filed in a state
26 court and thereafter removed to this court, **the removing party or**

6

**parties shall, immediately following such removal, serve upon each of the other parties and upon all parties subsequently joined, a copy of this order**, and shall file with the clerk a certificate reflecting such service.

    7.  All parties to the action shall appear at the Status Conference through counsel (**or in person, if acting without counsel**).  UNLESS SPECIFICALLY DIRECTED OTHERWISE, COUNSEL LOCATED OUTSIDE THE COUNTY OF SACRAMENTO MAY APPEAR BY TELEPHONE, PROVIDED THAT:

    (a) **THE ACTION DOES NOT INVOLVE A LITIGANT APPEARING IN PROPRIA PERSONA.  IN SUCH CASES, ALL COUNSEL AND LITIGANTS MUST PERSONALLY APPEAR**; and

    (b) COUNSEL STATE IN THEIR TIMELY-FILED STATUS REPORTS AS REQUIRED BY THIS ORDER THEIR DESIRE TO SO APPEAR, AND THEREIN PROVIDE THE TELEPHONE NUMBER THEY WILL BE CALLING FROM; and

    (c) **PLACE THE CALL TO CHAMBERS THEMSELVES BY CALLING (916) 930-4130, AT EXACTLY THE TIME THE CONFERENCE IS SCHEDULED TO BEGIN.**  IF MORE THAN ONE PARTY DESIRES TO APPEAR BY TELEPHONE, COUNSEL MUST MAKE ARRANGEMENTS AMONG THEMSELVES TO SET UP THE CONFERENCE CALL AT THE SCHEDULED TIME **WITH ALL PARTICIPANTS ON THE LINE BEFORE CALLING CHAMBERS.**  A FAILURE TO PLACE THE TELEPHONE CALL AT THE APPROPRIATE TIME WILL BE TREATED AS A FAILURE TO APPEAR AND MAY SUBJECT COUNSEL TO SANCTIONS.

    8.  The parties shall file with the court and serve upon all other parties, not later than 4:30 p.m., ten (10) days preceding the conference, a Status Report.  **ANY PARTY FAILING TO FILE A**

**TIMELY STATUS REPORT PURSUANT TO THIS ORDER MAY BE SUBJECTED TO MONETARY SANCTIONS AND/OR THE DISMISSAL OF THE COMPLAINT OR STRIKING OF THE ANSWER.** The Status Report shall briefly set out the views of the party making the report on the following matters:

    (a)   Name(s) of the parties counsel represents;

    (b)   A brief summary of the facts alleged in each complaint and a characterization of the legal theories under which recovery is sought or liability denied. The characterization of the legal theories does not require legal argument, but only a description of the legal theory (or theories);

    (c)   Progress in the service of process;

    (d)   Possible joinder of additional parties;

    (e)   Any expected or desired amendment of pleadings;

    (f)   Specifying the statutory basis for jurisdiction and venue;

    (g)   Anticipated motions and the scheduling thereof;

    (h)   Anticipated discovery and the scheduling thereof. In this regard, the parties shall discuss whether deferral of discovery pursuant to Fed. R. Civ. P. 26(d) is appropriate, any order affecting discovery pursuant to Fed. R. Civ. P. 26 and 29-37 is desired, and whether a discovery conference under Fed. R. Civ. P. 26(f) should be held;

    (i)   Future proceedings, including setting appropriate cut-off dates for discovery, law and motion, and the scheduling of the pretrial conference and trial;

////

1 (j) Appropriateness of special procedures such as
2 agreement to try the matter before a magistrate judge pursuant to
3 28 U.S.C. § 636(c), or reference to a special master, or to the
4 Judicial Panel on Multidistrict Litigation, or application of the
5 Manual for Complex Litigation, binding arbitration in Superior
6 Court;
7 (k) Whether any of the parties has timely demanded a
8 trial by jury;
9 (l) Estimate of trial time;
10 (m) Modification of standard pretrial procedures
11 specified by the local rules due to the relative simplicity or
12 complexity of the action;
13 (n) Whether the case is related to any other case,
14 including any matters in bankruptcy;
15 (o) Whether counsel will stipulate to the trial judge
16 acting as settlement judge and waive any disqualification by virtue
17 thereof, or whether the parties prefer to have a settlement
18 conference before another judge;
19 (p) The report of the parties concerning use of the
20 Voluntary Dispute Resolution Program pursuant to Local Rule 16-271;
21 (q) Any other matters which may be conducive to the
22 just, efficient, and economical determination of the action.
23      Following the Status (Pretrial Scheduling) Conference, the
24 court will issue a written order regarding the future course of
25 this litigation.
26 ////

1   9.   Requests for continuance of Status Conferences are not
2 favored and will not be granted in the absence of a true emergency
3 and, in any event, **will not be entertained unless made <u>in writing</u>**
4 **at least THREE (3) DAYS prior to the scheduled conference.**
5   10.  At the time of filing a motion or an opposition thereto,
6 counsel are requested to deliver to the court a copy on a 3½"
7 floppy disk compatible with WordPerfect 8.0 or e-mail a copy to the
8 Judge's Assistant, Tim Hinkle, at thinkle@caed.uscourts.gov.
9   11.  Counsel are hereby reminded of their continuing duty to
10 immediately notify the Courtroom Deputy at (916) 930-4133 and the
11 Judge's Chambers in writing, of any settlement or other disposition
12 (Local Rule 16-160).
13   IT IS SO ORDERED.
14   DATED:  October 17, 2005.

                        /s/Lawrence K. Karlton
                        LAWRENCE K. KARLTON
                        SENIOR JUDGE
                        UNITED STATES DISTRICT COURT